FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
------------------------------------------------X
Katherine Shaffer,

                Plaintiff,                Civil Action No.:_____

     v.                            3:13-cv-670-J-20JRK

Enhanced Recovery Company, LLC       **COMPLAINT AND
DEMAND FOR TRIAL BY JURY**

                Defendant.
------------------------------------------------X

      Plaintiff Katherine Shaffer (hereinafter referred to as "Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, Attorneys at Law, brings this action to recover monetary damages, and declaratory and injunctive relief against Defendant Enhanced Recovery Company, LLC (hereinafter referred to as "Defendant") arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

## PARTIES

1.     Plaintiff is a resident of the State of Michigan, County of Roscommon, residing at 143 Winding Drive, Houghton Lake, Michigan 48629.

2.     Defendant is a collection firm with a principal place of business at 8014 Bayberry Rd Jacksonville, FL 32256, and, upon information and belief, is authorized to conduct business in the State of Michigan.

3.     Defendant is a "debt collector" as the phrase is defined and used in the FDCPA.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 USC Sec. 1331, as well as 15 USC Sec. 1692 et. seq. and 28 U.S.C. Sec. 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. Sec. 1367 (a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391 (b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8. On or about July 20, 2012, Defendant sent a collection letter to Plaintiff, attempting to collect an alleged debt in the amount of $339.53, allegedly owed to Sprint.

9. Plaintiff never owed a debt to Sprint or any other company at all, much less, in this amount.

10. Defendant knew or should have known that this debt is not that of Plaintiff, yet it continued collection efforts thereon.

11. Despite Defendant's knowledge that debt was not owed by Plaintiff, Defendant continuously, negligently or willfully, reported said debt to the credit bureaus, thereby publicizing it to third parties.

12. Defendant attempted to collect an amount it had no right to collect and publicized false negative information about Plaintiff, which harmed Plaintiff's credit rating, financial standing and reputation.

13. Said failure on the part of Defendant is a violation of the FDCPA, 15 U.S.C. § 1692e, which prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt".

14. Said failure on the part of Defendant is a violation of the FDCPA, 15 U.S.C. § 1692e(2), which prohibits misrepresenting the "character, amount of legal status of the debt".

15. Said failure on the part of Defendant is also a violation of the FDCPA, 15 U.S.C. § 1692f, which prohibits collection of any "amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law".

16. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged and continues to suffer such damages.

### FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

17. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "16" herein with the same force and effect as if the same were set forth at length herein.

18. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to 15 USC §1692e, 15 USC §1692e(2) and 15 USC §1692f.

19. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### DEMAND FOR TRIAL BY JURY

20. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Katherine Shaffer demands judgment from the Defendant Enhanced Recovery Company, LLC, as follows:

  A. For actual damages provided and pursuant to 15 USC Sec. 1692k(a)(1);

  B. For statutory damages provided and pursuant to 15 USC Sec.1692k(2)(A):

  C. For attorneys' fees and costs provided and pursuant to 15 USC Sec. 1692k(a)(3);

D. A declaration that the Defendants' practices violated the FDCPA; and,

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
June 10, 2013

Respectfully submitted,

By: _Jerald Belofsky_
Jerald Alan Belofsky, Esq. (249262)
Fredrick Schulman & Associates
Attorneys at Law
Attorney for Plaintiff
30 East 29TH Street
New York, New York 10016
P: (212) 796-6053
F: (212) 951-7379
info@fschulmanlaw.com